WASHINGTON CANDIFF, Plaintiff in Error, v. BENJAMIN THIGHEN, Defendant in Error.

The consideration of a sealed instrument can only be impeached in a court of law by special plea: it cannot be done under the general issue.

IN error from the Circuit Court of Jasper county. Hon. John Watt, judge.

*Glenn* and *Evans*, for plaintiff in error.

FISHER, J., delivered the opinion of the court.

This was an action brought in the Circuit Court of Jasper county, upon an obligation made by the defendants below, under seal, whereby they promised to pay the treasurer of said county the

sum of one hundred dollars, bearing ten per cent. interest, and being for a loan of the common school fund of said county.

The defendants pleaded that they were not indebted to the plaintiffs, as set forth in the complaint; and issue being taken upon this plea, and the cause submitted to a jury, the defendants offered to prove that the note, though purporting on its face to have been given for a loan of the common school fund of said county, was in fact given for a license to retail vinous and spirituous liquors; which evidence the court ruled out, on the ground that it tended to contradict the writing.

The consideration of an instrument under seal, may be impeached, if the pleadings are so framed as to let in the defence. The statute provides that a party may by special plea impeach or go into the consideration of a specialty, in the same manner as he might go into the consideration of a simple contract. We understand a special plea to be a plea of confession and avoidance. The plea in this case, is what might be called the general issue, under the pleading act of 1850, and is not such a plea or answer as will let in the defence here attempted to be made. The court was right in rejecting the evidence, not for the reason stated, but because it could not be admitted under the defendant's plea. For this reason we affirm the judgment.